# CIVIL COVER SHEET

JS-44
(Rev. 2/11 DC)

## I (a) PLAINTIFFS
LaCreasha Kennedy-Jarvis

## DEFENDANTS
Calvin Reginald Wells

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  88888
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
James T. Zees, Esq. (815) 529-0098
Law offices of James T. Zees, Esq.
7608 Geranium St.
Bethesda, MD 20817

ATTORNEYS (IF KNOWN)
Pro se

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ● 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

Other Statutes:
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☒ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 462 Naturalization Application
☐ 465 Other Immigration Actions
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence<br>☐ 463 Habeas Corpus - Alien Detainee | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

● 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P 23    DEMAND $ 500,000    Check YES only if demanded in complaint  JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form

DATE October 17, 2013    SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence Use 11001 to indicate plaintiff is resident of Washington, D.C., 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II

IV. CASE ASSIGNMENT AND NATURE OF SUIT The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case

VI. CAUSE OF ACTION Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| LaCreasha A. Kennedy-Jarvis,<br><br>*Plaintiff(s)*<br>v.<br>Calvin Reginald Wells,<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.  2013-cv-<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Calvin Reginald Wells
PO Box 7966
Albuquerque, New Mexico 87194-7966

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   James T. Zeas, Esq.
7608 Geranium Street
Bethesda, Maryland 20817

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                        *Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| LACREASHA A. KENNEDY-JARVIS, LASHAWN D. LEWIS, and DEREK JARVIS, <br><br> *Plaintiffs*, <br><br> v. <br><br> CALVIN R. WELLS, Administrator of the Estate of Rose E. Walker, <br><br> *Defendant*. | Hon. Judge <br><br> Civil Action No. 2013-cv- <br><br> **Diversity** <br> **Breach of Fiduciary Duty** <br> **Civil Conversion** <br> **Tort of Deceit - Fraud** <br> **Damages** <br> **Jury Demand** |

## COMPLAINT AND JURY DEMAND

Heirs to the beneficiary to the Estate of Rose E. Walker, James P. Jarvis, LACREASHA A. KENNEDY-JARVIS, LASHAWN D. LEWIS and DEREK N. JARVIS, by their undersigned attorney, James T. Zeas, Esq., as and for this complaint herein allege as follows: of full age, residing at 429 10th Street, NE, Washington, D.C. 20002, states:

## PRELIMINARY STATEMENT

Plaintiffs, the residual beneficiaries of the Estate of James P. Jarvis; LaCreasha A. Kennedy-Jarvis (surviving wife), LaShawn D. Lewis (surviving daughter) and Derek N. Jarvis (surviving son), by and through their attorney, Jaime T. Zeas, Esq. file this Complaint against Calvin R. Wells, Administrator C.T.A. of the Estate of Rose E. Walker (the "Estate") for the latter's fraudulent misrepresentation of the full and true value of the Estate, thereby, converting and taking approximately $500,000 in inheritance from James P. Jarvis who is now deceased.

## JURISDICTION

### The Parties

1. Rose E. Walker was a resident of Plainfield, New Jersey, residing at 305 Stelle Ave., Plainfield, NJ 07060.

2. Rose E. Walker passed away on March 28, 2000.

3. James P. Jarvis was the son of Rose E. Walker. He passed away on June 3rd, 2003.

4. James P. Jarvis was a resident of Washington, D.C. who was entitled, under the express provisions of the Walker Will, to have inherited a one third (1/3) share of the Rose E. Walker Estate.

5. Calvin Reginald Wells is a resident of Albuquerque, New Mexico. He is a grandson of Rose E. Walker. He served as successor Administrator C.T.A. of her Estate and was entitled, under the express provisions of the Walker Will, to a one third (1/3) share of the Walker Estate.

6. Alvin Wells is a grandson of Rose E. Walker. He helped his brother, Calvin R. Wells, administer the Estate, and was entitled, under the express provisions of the Walker Will, to have inherited a one third (1/3) share of the Walker Estate.

7. LaCreasha A. Kennedy-Jarvis is a resident of Washington, D.C. and is the surviving spouse of James P. Jarvis.

8. LaShawn D. Lewis is a resident of Clinton, Maryland, and is the surviving daughter of James P. Jarvis.

9. Derek N. Jarvis is a resident of Silver Spring, Maryland, and is a grandson of Rose E. Walker and the only son of James P. Jarvis.

10. There is complete diversity of citizenship between all plaintiffs and all defendants given that they reside in and are citizens of different states.

11. This Court has subject matter jurisdiction over this action and jurisdiction is proper before the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1332(a)(1) in that it is an action where there is complete diversity of citizenship and the amount in controversy, exclusive of interest and costs, well exceeds the sum of the value of seventy-five thousand dollars $75,000.

12. This Court has personal jurisdiction over the defendant because: 1) he committed a tort within the District of Columbia; 2) he committed a tort outside of the District of Columbia but committed injury to plaintiffs within the District of Columbia, 3) he conducts business within the District of Columbia; and 4) upon information and belief, he owns, uses or possesses real property within the District of Columbia.

## VENUE

Venue in this district is proper under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in the District of Columbia. Further, this court is the sole district court located within the District of Columbia.

## FACTS COMMON TO ALL COUNTS

1. Rose E. Walker, a resident of Plainfield, New Jersey, died on March 28, 2000.

2. Prior to March 2000, Rose E. Walker hired Robert M. Read, Esq. to draft her Last Will and Testament, which was signed by her on June 3rd, 1993 witnessed by both Robert M. Read and Tracy C. Popp.

3. Rose E. Walker stipulated, as found within the express provisions of her will, that upon her death, all of her real and tangible personal property were to be sold as soon as practicable.

4. The proceeds from the sale of her property were to be placed into a Trust Fund for the benefit of her three (3) legatee beneficiaries: 1) James P. Jarvis (her son); 2) Calvin R. Wells, Esq. (her grandson); and 3) Rayfield A. Wells (her grandson).

5. Specifically excluded as a beneficiary under said Will was the decedent's daughter, the mother of the Well's brothers, Joan Taylor.

6. Included in the Will was a spendthrift clause, which provided that beneficiaries were to be dispersed twenty percent (20%) (or 1/5) of their one third (1/3rd) share of the total sales of all her assets from the Trust Fund, each year, over a period of five (5) years.

7. The first of the five (5) disbursements by the Trustees to the three (3) legatee beneficiaries was to have occurred 12 months after her death.

8. The Walker Will specifically designated the executor of her Estate and the trustee of all of the Trust to be United National Bank.

9. Mr. Wells was permitted by the Superior Court of New Jersey, Surrogate Court, Probate Part to serve as Administrator C.T.A. to the Walker Estate, rather than United National Bank, a few months after Ms. Walker's death on March 28, 2000.

10. As Administrator C.T.A., Mr. Wells was required under New Jersey law to take out a bond to insure all of the assets of the Walker Estate in the event of any intentional or unintentional neglect, for acts or failures to act, conducted by him with respect to his administration of the Walker Estate.

11. Mr. Wells took out a bond in the amount of $350,000.00 with the Selective

Insurance Company of America at 40 Wantage Ave., Branchville, New Jersey 07890 bearing policy# B183054.

12. Per his grandmother's aforementioned Will, Mr. Wells was required to sell all of the assets of Ms. Walker's estate within approximately twelve (12) months of her death and divide the value of those proceeds in thirds and divvy out payments from each one third (1/3) share each year to himself, his brother Alvin Wells and his Uncle James P. Jarvis, at 20% increments per year for the following five (5) years.

13. Mr. Wells did not do what was required of him as administrator C.T.A. under the express terms of Ms. Walker's Will.

14. Mr. Wells knowingly diverted from the State of New Jersey, thousands of dollars in Inheritance Tax as he failed to report all of the assets of the estate.

15. Upon information and belief, the real properties owned by Rose E. Walker on the date of her death, March 28, 2000, included:

    a.    1001 Central Avenue sold for $160,000.00 on February 26, 2001;

    b.    440 W. Front Street, Plainfield, NJ sold for $106,000.00 on June I 5, 2001;

  c.  912 Central Avenue, Plainfield, NJ sold for $180,000.00 on August 28, 2001;

  d.  1023 Central Avenue, Plainfield, NJ was transferred to Mr. James P. Jarvis on January 30, 2002, the date he allegedly signed the refunding bond;

  e.  Lot 3, Highway 51, Browns Ferry Road, Georgetown, South Carolina sold for $637,500.00 on March 20, 2003;

  f.  305 Stelle Avenue, Plainfield, sold for $486,540.00 on June 21, 2004.

16. Two (2) real properties described in subparagraph E & F above were owned by Ms. Walker at the time of her death and were never accounted for or valued by Mr. Wells.

17. Upon information and belief, there may be yet undiscovered properties in New Jersey, New York, Washington, D.C. and/or North Carolina still existing that properly belong to the Estate of Rose E. Walker.

18. With respect to the 305 Stelle Avenue, Plainfield, NJ property, this was Rose E. Walker's main abode.

19. On March 17, 2000, just 11 days before her death, Rose E. Walker allegedly signed a Deed conveying 305 Stelle Avenue property to herself, Alvin Wells and Calvin Wells jointly, and not as tenants in common.

20. The signatures of Rose E. Walker on that Deed may be a forgery. Neither signature resembles her signature as found in her 1993 Will.

21. Plaintiff Derek N. Jarvis was living with Rose E. Walker on March 17, 2000. She was on morphine drip treatment on that date. She lacked the legal capacity to convey the 305 Stelle Avenue Deed to anyone. Furthermore, there is reason to believe that while on her death bed, she was unduly influenced to convey the property to the defendant and his brother.

22. Even if the Deed in question is found to be valid, the fact that Rose E. Walker conveyed 305 Stelle Avenue property to herself and her two (2) grandsons jointly means that the value of the property should have been reported on the New Jersey Inheritance Tax Return as it was a transfer made in contemplation of death within three (3) years prior to her death and without fair consideration.

23. This fraudulent conveyance deprived James P. Jarvis of one third (1/3) of the proceeds from the sale of the 305 Stelle Avenue property.

24. James P. Jarvis approached both Calvin R. Wells and his mother's attorney- then serving as attorney for Calvin R. Wells- Daniel F. Murphy, Esq.- wishing to at long last receive some type of payment as beneficiary to the Walker Estate as set forth under the express provisions of the Walker Will and to expedite his inheritance from the Walker Estate as over two (2) years since Ms. Walker's death had passed and three (3) properties had already been sold by Messrs. Wells and Murphy valuing over $436,000.00: 1) 1001 Central Avenue; 2) 440 Front Street and 3) 912 Central Avenue.

25. Calvin Wells, in violation of the terms of the Spendthrift Clause within the Walker Will, and contrary to the instructions of his client, Rose Walker, entered into an invalid waiver agreement/Refunding Bond with Mr. Jarvis, whereby Mr. Jarvis agreed that in quick exchange for $15,000.00 in cash plus one (1) of the then-represented four (4) Walker real properties listed as "not sold, in bad shape" valued at $165,000.00, Mr. Jarvis would waive any further rights he had in the assets of the Walker Estate.

26. Neither the defendant, Calvin Wells, nor this attorneys, disclosed to James Jarvis, at the time he signed the refunding bond and release, that the information on the estate inheritance tax return was significantly deflated; that the decedent conveyed her interest in

certain properties to Calvin and his brother while on her death bed; and that the assets of the estate had substantially greater value than was reported to James Jarvis.

27. After James P. Jarvis had allegedly signed the Refunding Bond, secured by undue deception and coercion, not only did Defendant Wells sell the 305 Stelle Avenue property that he had been living in rent-free with his brother Alvin Wells for four (4) years and three (3) months (and driving Rose E. Walker's new Jaguar around) for $486,540.00, but had also sold a property located in South Carolina. This typifies Defendant's pattern of self-dealing with respect to Estate assets.

28. The South Carolina property was the proverbial mother-load which sold for $637,500.00 on March 20, 2003

29. Mr. Jarvis, a high school drop-out with no neutral legal counsel to advise him, was allegedly mailed two (2) letters from Daniel F. Murphy, Esq. attempting to explain what a Refunding Bond's legal effect was and generally stating that by signing the Refunding Bond, Mr. Jarvis was attesting to the fact that he was "sufficiently familiar with the estate" and all assets owned by Rose E. Walker.

30. Mr. Jarvis inherited approximately $180,000.00 ($15,000.00 plus $165,000.00) from the Rose E. Walker Estate when his inheritance should have been one third (1/3) of over $1.8 million, or approximately $600,000.00 in real properties, even without including Rose E. Walker's vast personal property.

31. Mr. Jarvis was underpaid his inheritance from the Walker Estate by approximately $475,000.00, not including the decedent's vast personal property.

32. Defendant Calvin Reginald Wells committed fraud by knowingly misrepresenting the number of real properties owned by his grandmother Rose E. Walker and misrepresenting

these facts to Mr. Jarvis in order to bind Mr. Jarvis to a sham waiver agreement for a greatly diminished value of his inheritance.

33. Based on the aforementioned and the following, Defendant is in violation of N.J.S.A. 3B:14-21 by:

    a.    Abusing the trust and confidence reposed in him as Executor of the Estate; and

    b.    Failing and refusing to perform his duties as Executor of the Estate.

34. Mr. Wells sold a Walker property in Georgetown, South Carolina on March 20, 2003 for the sale price of $637,500.00. The real property consists of 8.3 acres and was sold by Personal Representative Calvin R. Wells to Burgess Ray Thomson. The Walker property can be identified as Lot 3, Highway 51, Browns Ferry Road, Georgetown, South Carolina.

35. This South Carolina property, along with one (1) real property located in New Jersey, were hidden from the State of New Jersey and from Mr. Jarvis at the time he allegedly bargained and entered into the invalid waiver agreement.

36. Mr. Wells did not account for all of Rose E. Walker's personal property including a newly purchased Jaguar automobile, a BMW automobile, jewelry, antiques, furniture, stocks, bonds, cash, art work, safe deposit box contents, etc. when probating the Walker Estate.

37. The Walker Will required a listing or memorandum of all "articles of tangible property" also known as "personal property," but no list or memorandum were ever drafted or can be found.

38. Rose E. Walker's son, James P. Jarvis, died on June 3, 2003.

39. Derek N. Jarvis, Plaintiff in this action, is the son and heir of James P. Jarvis.

40. The Plaintiff, heir to James P. Jarvis, maintains that valuable real property in the

form of houses and land, and valuable personal property: art work, furnishings, antiques, Jaguar and Mercedes automobiles, stocks and bonds, and jewelry are presently unaccounted for.

41. When calculating the Walker Estate valuation, Mr. Wells cherry-picked certain Walker real property by only reporting four (4) houses owned by Ms. Walker, that owed significant realty tax liens and mortgages, and omitting two (2) pieces of valuable property, not to mention a plethora of Ms. Walker's personal property valuing well over $44,750.00 as seen on the New Jersey Inheritance Tax Return filed by Mr. Wells.

42. A search on the open and public internet disclosed real property owned by Rose E. Walker in the form of an 8.63 acre lot, Lot 3, Highway 51, Browns Ferry Road, located in Georgetown, South Carolina, that Mr. Wells sold on March 20, 2003 for $637,000.00 to an individual named Burgess Ray Thomson.

43. This property was not reported or disclosed by Mr. Wells to the State of New Jersey or to James P. Jarvis.

44. Why all of the Walker Estate assets had not been immediately sold upon her death or within a reasonable period of time pursuant to her Will is unknown. It took over four (4) years since Ms. Walker's death to sell the property.

45. The central premise of Ms. Walker's Will was self-evident: "no fast cash." This is why the Spendthrift Clause creating a Trust of all her sold real and personal property with 20% payouts over the course of five (5) years was supposed to have occurred. Secondly, even if such an agreement was not *void ab initio* or currently voidable, Mr. Jarvis was presented with the Walker Estate Inheritance Tax Return as fraudulently provided to the State of New Jersey, reflecting a falsely diminished valuation of the Walker net Estate. In other, words, because Mr. Wells did not include hundreds of thousands of dollars of Rose Walker's assets in the inventory

valuation, Mr. Jarvis was fraudulently induced into signing the waiver/release agreement for hundreds of thousands of dollars below a fair and reasonable amount due him under the Will.

46. Additionally, there is no way that an uneducated person without legal counsel could have understood what a "formal accounting" meant, much less that Mr. Jarvis had "full and sufficient knowledge of the Estate, its assets, liabilities, administrative costs and fees" because, as to the last two items, the Estate had not been fully administered.

47. Mr. Jarvis passed away on June 3, 2003.

48. Mr. Jarvis left plaintiffs as his surviving heirs.

49. Mr. Jarvis' estate was administered in the District of Columbia.

### COUNT I – BREACH OF FIDUCIARY DUTY

50. Plaintiffs reallege and repeat each and every allegation contained in paragraphs 1 to 49 and incorporate each as if fully set forth herein.

51. Defendant Wells owed a fiduciary duty of care to the Estate of Rose E. Walker.

52. Defendant Wells owed a fiduciary duty of care to the Walker Estate beneficiary interested persons.

53. Defendant Wells breached his fiduciary duties.

54. Defendant Wells actually and proximately caused monetary damage to Plaintiffs' inheritance rights.

55. Plaintiffs have suffered monetary damages as a result of Defendant Wells' acts and omissions.

56. Defendant Wells must be held directly liable for monetary damages suffered by interested person Plaintiff beneficiaries.

## COUNT II – CONVERSION

57. Plaintiffs reallege and repeat each and every allegation contained in paragraphs 1 – 49 and incorporate each as if fully set forth herein.

58. Estate property belonging to the Plaintiffs through their inheritance rights were being held and administered by Defendant Wells.

59. Defendant Wells took possession of Plaintiffs' property permanently.

60. Defendant Wells conduct was unauthorized by Plaintiffs or a court of law at the time of his taking.

61. Plaintiffs have suffered monetary damages as a result of Defendant Wells' possessory acts.

62. Defendant Wells must be held directly liable for monetary damages suffered by the interested person Plaintiff beneficiaries.

## COUNT III – TORT OF DECEIT
## FRAUDULENT MISREPRESENATION AND OMISSION

63. Plaintiffs reallege and repeat each and every allegation contained in paragraphs 1 – 49 and incorporate each as if fully set forth herein.

64. Defendant Wells knowingly misrepresented and omitted, inter alia, the true value of the Estate of Rose E. Walker.

65. Defendant Wells' misrepresentations and omissions were material and significant in nature.

66. Defendant Well's induced reliance on his misrepresentations and omissions.

67. As a direct and proximate result, Plaintiffs were monetarily harmed with respect to their inheritance rights.

68. Plaintiffs have suffered monetary damages as a result of Defendant Wells' acts and omissions.

69. Defendant Wells must be held directly liable for monetary damages suffered by the interested person Plaintiff estate beneficiaries.

### Relief Sought

WHEREFORE, LaCreasha A. Kennedy-Jarvis, LaShawn D. Lewis and Derek Jarvis pray judgment against Defendant as follows:

1. For Calvin Reginald Wells as Administrator C.T.A. to provide an inventory and Formal Accounting for all Walker Estate assets forthwith;

2. For Removal of Calvin Reginald Wells as Administrator CTA and revoking letters testamentary issued him;

3. Disgorgement of fees and/or commissions related to Estate Administration taken by Calvin Reginald Wells;

4. For a judicial order compelling surety bond company protecting the Estate from Defendant Wells derelictions to pay equitable relief and/or damages to make Estate whole;

5. Setting aside as void the Refunding Bond/Release and Settlement agreement signed by James Jarvis.

6. Surcharging Defendant for all Estate funds that he misappropriated for his own personal use;

7. Appointing a neutral third party to complete the administration of the Estate;

8. Denying any application of Defendant for a commission as Executor of the Estate;

9. Surcharging Defendant personally for all costs associated with the tiling of this matter, specifically, Plaintiffs' attorneys' fees and costs due to Defendant's wrongdoing and

willful neglect of his fiduciary duties;

10. Impressing a Trust on all Estate assets that were converted by the defendant;

11. For Plaintiffs, general damages, including compensatory, incidental and consequential damages, according to proof;

12. For Plaintiffs, pre-judgment interest according to proof and attorneys' fees and costs of suit herein, if any;

13. Punitive damages; and

14. Such other relief as may be justified and appropriate.

**THE PLAINTIFFS REQUEST A TRIAL BY JURY**

Dated: October 17, 2013

        Respectfully submitted,
        LACREASHA A. KENNEDY JARVIS,
        LASHAWN D. LEWIS, and
        DEREK JARVIS
        By their Attorney,

        **Law Offices of James T. Zeas, Esq.**

        /s/    James T. Zeas
        James T. Zeas, Esq.
        DC Bar No. 491583
        7608 Geranium Street
        Bethesda, Maryland 20817
        (815) 529-0098
        j-zeas@nlaw.northwestern.edu